IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02922-BNB

JAMES HARMON,

    Plaintiff,

v.

GOV. SEAN PARNELL,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff, James Harmon, currently is incarcerated at the correctional center in Hudson, Colorado. Mr. Harmon initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 (ECF No. 1) seeking his transfer to the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado.

    Mr. Harmon has been granted leave to proceed pursuant to the federal *in forma pauperis statute*, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while

they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Harmon is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Harmon's complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons set forth below, the complaint and the action will be dismissed as legally frivolous.

Mr. Harmon asserts one claim against the governor of the State of Alaska. He contends that the State of Alaska, including all Alaska "judges, federal and state," ECF No. 1 at 4, have "declared war" on him as a result of his arrest on suspicion of murder in 2004. *Id.* at 3. On the basis of these allegations, he contends his right to be free from cruel and unusual punishments under the Eighth Amendment has been violated.

The fact that Mr. Harmon has been arrested, prosecuted, found guilty on criminal charges, and incarcerated does not state a constitutional claim under the Eighth Amendment. In fact, Mr. Harmon makes no allegations that fall under the Eighth Amendment. The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). The Court finds no reason to allow Mr. Harmon to amend his complaint because his allegations are not curable to state a claim within the jurisdiction of this Court. The complaint and the action will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Harmon files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915 as legally frivolous. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   9th   day of     January     , 2013.

                                               BY THE COURT:

                                                 s/Lewis T. Babcock
                                               LEWIS T. BABCOCK, Senior Judge
                                               United States District Court